# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

FRANK SYKORA,

    Plaintiff,

v().                                            Case No. 3:18-cv-1280-J-32JBT

UNITED STATES POSTAL
SERVICE,

    Defendant.

## **O R D E R**

This case is before the Court on Defendant United States Postal Service's Motion to Dismiss the Third Amended Complaint ("TAC") With Prejudice (Doc. 29). The Court dismissed Sykora's Amended Complaint (Doc. 13) and Second Amended Complaint (Doc. 24) without prejudice and provided Sykora with a final opportunity to file a complaint adhering to the requirements of Rule 8. (Doc. 25).

This is the second lawsuit that Sykora has filed against his former employer, USPS. Sykora's first lawsuit, in which he proceeded pro se, raised similar claims and was dismissed with prejudice in January 2016. See Sykora v. Brennan, No. 3:15-CV-192-J-20-MCR.[1]

---

[1] At first, it appeared that res judicata might apply to Sykora's present lawsuit. However, Sykora's prior lawsuit was based on an EEOC complaint that

## I.  BACKGROUND

Sykora's claims stem from an interaction with his supervisor, Tom Miller, at the Jacksonville USPS facility on April 25, 2011. (Doc. 26 ¶ 10). Miller allegedly put his hands on Sykora and said that Sykora was "addicted to overtime like a crack addict to crack." (Doc. 26 ¶ 13). Miller and his supervisors laughed at Sykora. Id. Miller's actions made Sykora "feel harassed, embarrassed, and threatened." Id. Sykora alleges that "[a]s a result of the interaction, [he] could no longer work around Mr. Miller and therefore could not work at his current position." Id. Sykora, who suffers from depression, anxiety, and insomnia, alleges that he informed USPS of his medical condition and requested reasonable accommodations. (Doc. 26 ¶¶ 11, 38).

From what the Court can discern, Sykora then went on medical leave, and requested an accommodation that did not involve working under Miller because he had a "disability of being around Mr. Miller." (Id. at ¶ 17). In many disjointed paragraphs interspersed with occasional references to elements of his claims, Sykora recounts communications he had with various people about possible positions he was offered but could not accept or could accept but was not offered until he ultimately "was forced to retire." (Id. at ¶ 34).

---

he filed on August 11, 2011; this lawsuit is based on a separate EEOC complaint that Sykora filed on October 24, 2012. Thus, the doctrine of res judicata does not bar Sykora's claims. See In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (setting forth res judicata elements).

2

On October 24, 2012, Sykora filed a complaint with the Equal Employment Opportunity Commission (EEOC), which he says centered on the April 25, 2011 incident and related events that occurred thereafter. (Doc. 26 ¶ 9). The EEOC complaint alleged age discrimination, retaliation, and disability discrimination. (Doc. 29-4).[2] The EEOC complaint states:

> On 7/4/12 and thereafter the agency denied complainant's request for reasonable accommodation which resulted in complainant's inability to work and subsequent disability retirement. In addition, on or about 7/17/12 and thereafter the agency failed to notify complainant or otherwise make him aware of jobs that he could have been detailed into that would have accommodated his disability. These jobs were instead made available to other non-disabled Electronics Technicians without consideration to complainant's qualifications and ability to fill these jobs with or without a reasonable accommodation.

Id. On September 28, 2015, the EEOC issued a final agency decision, and Sykora appealed. (Doc. 26 ¶ 9). When the EEOC denied Sykora's request for reconsideration on August 2, 2018, Sykora filed this case. Id.

In the TAC, Sykora brings the following claims against USPS: failure to provide reasonable accommodation under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101, et seq. (Count I); retaliation under the ADA

---

[2] Sykora did not include the relevant EEOC complaint, but USPS attached it to its motion (Doc. 29). See, e.g., Cooper v. PHEAA, No. 19-13680, 2020 WL 3533197, at *3 (11th Cir. June 30, 2020) ("In considering a motion to dismiss for failure to state a claim, a district court may rely on documents submitted with the motion so long as they are referred to in the complaint, central to the complaint, and of undisputed authenticity.") (citation omitted).

3

(Count II); discrimination under the ADA (Count III); violations of the Rehabilitation Act, 29 U.S.C. § 701 et seq. (Count IV); and violation of the Vietnam Era Veterans' Readjustment Assistance Act ("VEVRAA"), 38 U.S.C. § 4212 (Count V).

USPS moves to dismiss Sykora's TAC with prejudice under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction[3] and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 29). Sykora filed a response to USPS's Motion to Dismiss. (Doc. 30).

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of allegations in the complaint. Federal Rule of Civil Procedure 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[3] USPS's motion under Rule 12(b)(1) is not well-taken because the Court may exercise subject matter jurisdiction by construing Sykora's ADA claims under the Rehabilitation Act. See, e.g., Garrett v. Postmaster Gen. United States Postal Servs., 725 F. App'x 782, 784 (11th Cir. 2018) ("Although Mr. Garrett purports to bring his claim under the ADA, we construe his claim as one under the Rehabilitation Act because the ADA does not cover federal employees.").

4

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555. Instead, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint that requires the court and the parties to comb through hundreds of pages of exhibits to understand its allegations does not adhere to Rule 8(a)(2). See Osahar v. United States Postal Service, 297 F. App'x 863, 864 (11th Cir. 2008).

Additionally, the court must accept all factual allegations as true and construe all reasonable inferences in favor of the plaintiff. Iqbal, 556 U.S. at 679 (citation omitted); see also Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). The court need not, however, accept legal conclusions as true. Iqbal, 556 U.S. at 678. Factual allegations must "raise a right to relief above the speculative level," which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Twombly, 550 U.S. at 555 (citation omitted); Iqbal, 556 U.S. at 678 (citations omitted). A district court may dismiss a complaint for failure to comply with Rule 8(a)(2) if the plaintiff can prove no facts that would entitle him to relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

5

## III. DISCUSSION

Despite multiple opportunities to cure the deficiencies enumerated by the Magistrate Judge and this Court, Sykora's TAC still fails to satisfy Rule 8. It is difficult to decipher, contains insufficient facts, and makes allegations that are unsupported and contradicted by important exhibits. (See Doc. 26).[4]

First, Sykora fails to provide critical facts like the duration of his disability leave or the date on which he retired, apparently expecting USPS to sift through its own records and the exhibits that Sykora attached to previous complaints to make sense of his allegations. (See Docs. 13, 13-1, 13-2, 26). Sykora references the relevant EEOC complaint but does not explain or attach documents explaining its scope, references a job offer but neglects to allege facts concerning the offer, and alludes to correspondence with the Department of Labor but fails to allege the outcome of that correspondence. (Doc. 26 ¶¶ 8-9,

---

[4] Although Sykora's Complaint is not a classic shotgun pleading, it bears many of the attributes of shotgun pleadings in that it ultimately fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has squarely condemned shotgun pleadings and stated that one common type of shotgun pleading is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. While Sykora labels his allegations as five distinct causes of action, his allegations are still impermissibly conclusory, but overlapping and vague. See Doc. 26. He provides only ten paragraphs of general allegations, does not incorporate those allegations into the causes of action, and repeats many of the same facts in separate causes of action. Id. The facts upon which each claim rests remain muddied.

16-17, 21). He also explains the actions of "Ms. Green," "Ms. Beechly," "Ms. Ballou," and "Mr. Bowes" without providing their full names or professional positions. (See Doc. 26 ¶¶ 26, 29, 30, 31).

Moreover, while Sykora attached 223 pages of exhibits (only some of which were relevant and none of which were indexed or otherwise organized) to the Amended Complaint, he has attached no exhibits to the TAC. (See Docs. 13, 13-1, 13-2, 26). In its Motion to Dismiss the TAC, USPS attached eleven relevant exhibits to clarify the chronology and outcome of events. (See Doc. 29). Sykora's response, which added many irrelevant facts, included over 800 pages of exhibits with only some of the documents he attached to prior complaints. (See Doc. 30). Sykora has vacillated between providing no exhibits and attaching hundreds of unorganized pages that the Court must inspect in an attempt to assess his claims.

As the Magistrate Judge already explained to Sykora (Doc. 23), the Court is not required to plead Sykora's case for him, nor is it obligated to sort through hundreds of pages of unlabeled exhibits to understand unclear allegations. See Osahar, 297 F. App'x at 864 ("Osahar contends that the exhibits to his complaint clarify his arguments, but to force the parties and the court to sift through an additional 100 page of letters, reports, and contracts would frustrate the purpose of Rule 8(a)(2)."); GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1990) (stating that the Court cannot "rewrite an

7

otherwise deficient pleading in order to sustain an action"). Like the allegations of Sykora's Complaint, Amended Complaint, and Second Amended Complaint, the allegations of the TAC still "impermissibly force Defendant and the Court to scour these voluminous documents in search of non-conclusory facts that may support Plaintiff's claims." (Doc. 23 at 6). While Sykora cured some deficiencies from his previous complaints, USPS is correct that this Complaint "is almost identical to the Second Amended Complaint, aside from the addition of a three paragraph introduction, a few scattered sentences, and explanations for several acronyms." (Doc. 29 at 1). For these reasons, the TAC still falls short of a short and plain statement of the claims under Rule 8(a)(2).

The Court informed Sykora that this would be his final opportunity to amend the complaint to conform with Rule 8. (Doc. 25 at 3). Sykora has had four separate chances to plead a proper complaint. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007); see also Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999). After repeated failures to comply with Rule 8, the Court finds that further amendment would be futile. Osahar, 297 F. App'x at 865 (affirming the district court's dismissal of an action with prejudice after repeated failure to satisfy Rule 8(a)(2)). Thus, the Court dismisses Sykora's claims with prejudice.

## IV. CONCLUSION

Accordingly, it is hereby

**ORDERED:**

1. Defendant United States Postal Service's Motion to Dismiss the Third Amended Complaint (Doc. 29) is **GRANTED**.

2. Plaintiff Frank Sykora's Third Amended Complaint (Doc. 26) is **DISMISSED with prejudice**.

3. The Clerk should close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 28th day of July, 2020.

*[signature]*

TIMOTHY J. CORRIGAN
United States District Judge

tnm
Copies:

Counsel of record

9